## SALISBURY vs. WILSON & SIMMONS.

JEFFERSON.
September, 1817.

Salisbury
  v.
Wilson and
Simmons.

Debt will not lie, on an obligation to pay "one thousand and fifty dollars, in current bank paper."

Averring that an obligation was made on a particular day, is not averring that it was dated on such day.

Note for "one thousand and fifty," and declaration describing the note as for "ten hundred and fifty," is not materially variant.

The plaintiff declared, in debt, "for that whereas the said Wilson and Simmons heretofore, to wit, on the 16th day of April, in the year 1816, at the county of Jefferson aforesaid, by their certain writing obligatory, and sealed with their seals, and here in court produced and shewn, jointly and severally promised the said Christian to pay him or his heirs, or assigns, on or before the 18th day of April 1816, the sum of ten hundred and fifty dollars, in current bank paper, with interest from the first day of April 1816; yet" &c.

On trial to the court, GOODENOW, for the plaintiff, read the following note in evidence, viz.

"On or before the eighteenth of April 1816, we, or either of us, promise to pay, or cause to be paid, unto Christian Salisbury, or his heirs or assigns, the full sum of one thousand and fifty dollars, in current bank paper, with lawful interest from the first day of April. Witness our hands and seals.

"JOHN WILSON,        [SEAL.]
"JOHN SIMMONS,        [SEAL.]

"Attest—JOHN WOLF."

WRIGHT, for the defendant, objected to the reception of the note as evidence, because it varied from the note described in the declaration, in this: 1st. That the declaration described a note as dated 16th of April 1816, and the note offered in evidence was dated 16th April, without any year. 2d. The declaration described a note for ten hundred and fifty dollars, the note offered was for one thousand and fifty dollars.

He also urged, that the action of debt was not sustainable on a note or bond for the payment of anything but money.

GOODENOW, contra, cited 1 Chitty 102.

PRESIDENT.—The first objection to this note, seems to proceed from a mistake of the counsel. The declaration does not

aver the date of the note, or that it has any date; it avers that it was made on the 16th April 1816. The note is without date, as to the year—this is no variance. As to the second objection; I agree that any material variance in the description of a written instrument, is fatal; but such variance must be in the sense and meaning conveyed. Here is a variance in words, but none whatever in the sense: *ten hundred*, and *one thousand*, are precisely the same—I cannot, therefore, consider them as fatally variant.

JEFFERSON.
September, 1817.

Salisbury
v.
Wilson and
Simmons.

The objection to the form of action, is a fatal one, for " debt is not, in any case, sustainable, unless the demand be for a sum certain, or for a pecuniary demand which can readily be reduced to a certainty." 1 Chitty 105. The sum is uncertain which the plaintiff is entitled to recover on this note—it depends on what was the cash value of one thousand and fifty dollars of current bank paper at the time the note was payable; and it cannot be reduced to a certainty, without the intervention of a jury, and the examination of testimony. If the note could be understood as a promise to pay one thousand and fifty dollars *worth* of current bank paper, the case would be different. But to understand it in this way, would be to understand the contract differently from what the parties must have understood it. Dollars are a metallic coin of a certain value; and when a contract is to pay a certain number of dollars, the law intends that such coin is mentioned as a measure of value. Current bank paper (a much more common medium of exchange) has taken the name of, and pushed the metallic dollar out of circulation. A promise to pay so many dollars *in* current bank paper, is understood, by every one, as a promise to pay so many dollars *of* current bank paper. The language used, refers to quantity; and I apprehend that, although in strict construction, it might be made to refer to value only, yet it is probable that such construction is not required or warranted by the obvious meaning of the instrument. Current bank notes are not money; nor can their value be more easily reduced to a certainty, than can be the value of any chattel. A note payable in bank notes, is like a note payable in any other articles; for non-payment, damages may be recovered; but the sum due is not a debt *eo nomine* and *in numero*, and therefore debt is not sustainable upon it.

4th Mass. Rep.
245.
9th Johns. 120

Judgment arrested.